UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 5:10-CR-01973 |
| | § | |
| DALE ALLEN RICHARDSON JR | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Dale Allen Richardson Jr.'s Motion for Writ of Error Coram Nobis and Brief in Support.[1] The Government has responded,[2] and Petitioner has replied.[3] The matter is ripe for consideration. After considering all of the evidence, filings, and applicable law, Dale Allen Richardson Jr.'s motion for a writ of error *coram nobis* is DENIED.

**I. BACKGROUND**

In June 2010, Dale Allen Richardson, Jr. ("Petitioner") appeared before the Federal Magistrate Court in Laredo, Texas claiming to represent Jose Fernando Reyes ("Reyes") on a misdemeanor immigration charge.[4] In time, it was discovered that Petitioner was not a licensed attorney in any jurisdiction and could not represent Reyes.[5] Petitioner was charged with two counts of impeding the administration of justice in violation of 18 U.S.C. § 1503 and one count of making a false statement in violation of 18 U.S.C. § 1001.[6] Petitioner was tried and convicted by a jury of all three counts.[7] He was sentenced to sixty-five months as to each of the first two counts and sixty months on the third count all to run concurrently.[8] Petitioner appealed his

---

[1] Dkt. No. 142.
[2] Dkt. No. 153.
[3] Dkt. No. 154.
[4] Dkt. No. 1.
[5] *Id.*
[6] Dkt. No. 32.
[7] Dkt. No. 61.
[8] Dkt. No. 80.

conviction and sentence, but both were affirmed by the Fifth Circuit Court of Appeals on March 30, 2012.[9] Petitioner did not seek a writ of certiorari; thus, his conviction became final on June 28, 2012. On December 13, 2016, Petitioner appeared before the Court on an alleged violation of supervised release. Petitioner was found to have violated supervision and was placed on six months of home confinement with supervision to continue.[10] The term of supervision expired on June 24, 2018.[11]

## II. DISCUSSION

Petitioner now brings this motion seeking a writ of error *coram nobis*. Petitioner contends that "[r]ecently though [sic] Petitioner's own due diligence [he] discovered new issues of law and fact" and that this Court should thus vacate his conviction, issue a judgment of acquittal, and issue a certificate of innocence.[12] Petitioner does not specify what those new issues of law and fact are or when he discovered them. Rather, Petitioner lays out various issues which the Court summarizes as follows: a) the Government withheld exculpatory evidence; b) the Court erred by not making the required on-the-record determination of the admissibility of the other crimes evidence; c) the Government erred by improper closing argument; d) the 18 U.S.C § 1503 charges are not supported by the record; e) the Government erred in its closing rebuttal argument; f) the Court erred in its failure to qualify an FBI agent as an expert witness; g) 18 U.S.C. § 1001 is inapplicable in this case; h) sentencing errors call for vacating Petitioner's sentence; i) restitution was erroneously ordered; and j) ineffective assistance of counsel.[13]

---

[9] Dkt. No. 105.
[10] Dkt. No. 140.
[11] *Id.*
[12] Dkt. No. 142.
[13] *Id.*

### a. Analysis

*Coram nobis* is an "extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief."[14] The writ of *coram nobis* should "not be used as a substitute for appeal and should only be employed to correct errors 'of the most fundamental character'"[15] In addition, the writ of *coram nobis* is only appropriate where "no other remedy may be available."[16] In order to obtain relief, Petitioner must show, among other things, that "sound reasons exist [] for failure to seek appropriate earlier relief."[17] Furthermore, "*coram nobis* 'is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding.'"[18]

Thus, to prevail, a petitioner must establish that 1) he is no longer in custody; 2) no other remedy is currently available; 3) he continues to face collateral consequences; 4) sound reasons exist for not seeking earlier relief; and 5) a fundamental error occurred that requires correcting. The United States does not contest that Petitioner is no longer in custody, or that no other remedy is currently available. The United States does contest the remaining three elements. The Court addresses only the fourth and fifth elements.

<u>*Delay*</u>

In *United States v. Dyer*, the Fifth Circuit visited the timeliness issue within the realm of a *coram nobis* petition.[19] In *Dyer*, petitioner was sentenced to two years' incarceration in 1984.[20]

---

[14] *United States v. Esogbue*, 357 F.3d 532, 534 (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)).
[15] *United States v. Dyer*, 136 F.3d 417, 422 (quoting *Morgan v. United States*, 346 U.S. 502, 512 (1954)).
[16] *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989).
[17] *Dyer*, 136 F.3d at 422.
[18] *United States v. Denedo*, 556 U.S. 904, 913 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 506 (1954)).
[19] Dyer, 136 F.3d 417.
[20] *Id.* at 421.

In 1996, petitioner filed a petition for a writ of *coram nobis*, requesting that his conviction be vacated.[21] The district court considering the writ denied it on the basis of latches, reasoning petitioner had waited over a decade to attack his conviction and the government would be prejudiced by this delay if it chose to retry petitioner.[22] Petitioner appealed.

The Fifth Circuit affirmed the district court's denial of petitioner's writ of *coram nobis*.[23] The Appellate Court explained that a writ of *coram nobis* will issue only when no other remedy is available and when sound reasons exist for failure to seek appropriate earlier relief.[24] In affirming, the Court found persuasive the government's prejudice argument.[25] Petitioner failed to dispute the factual assertions of prejudice made by the government, and offered absolutely no explanation for his delay in seeking collateral relief.[26] The Court, therefore, found petitioner had not acted with reasonable diligence in seeking post-conviction relief.[27]

The instant case is like the situation in *Dyer* for two reasons. First, the Government has raised the issue of prejudice in its filings.[28] Second, Petitioner offers no explanation whatsoever for his failure to seek appropriate earlier relief. Petitioner was convicted by a jury on October 19, 2010.[29] He was sentenced on February 28, 2011 with judgment entered on March 7, 2011.[30] He appealed his conviction and sentence.[31] The Court of Appeals affirmed his conviction and sentence on March 30, 2012.[32] Petitioner could have sought further appellate review by filing a writ of certiorari to the Supreme Court, but he did not. Many of the issues raised here could have

---

[21] *Id.*
[22] *Id.*
[23] *Id.* at 430.
[24] *Id.* at 422.
[25] *Id.* at 428.
[26] *Id.* at 429.
[27] *Id.* at 430.
[28] Dkt. No. 153, at 19-20.
[29] Dkt. No 61.
[30] Dkt. No. 80.
[31] Dkt. No. 77.
[32] Dkt. No. 105.

been raised in the direct appeal, yet they were not. Petitioner cannot now circumvent appellate review by writ of error *coram nobis*. Furthermore, Petitioner could have raised the issues he raises now in a motion pursuant to 28 U.S.C. § 2255. He did not. Even as late as December 2016, when Petitioner appeared before the Court on a revocation proceeding,[33] Petitioner did nothing to assert the claims he now brings in this writ.

Petitioner's sole ground for this belated filing is his claim that he only recently discovered new issues of law and fact.[34] Petitioner then lays out the issues of law and fact he contends entitle him to relief. He does not specifically assert that these are the "new issues of law and fact" and indeed they cannot be recently discovered. These issues were, in one form or another, addressed at trial. Furthermore, what he contends are facts that entitle him to relief are his own misconstruction of the evidence at trial, or completely irrelevant to his conviction.

The single issue that comes close to being a newly discovered issue is the claim that the Government withheld exculpatory evidence. Ordinarily, if true, such a claim is cause for concern and may entitle a petitioner to *coram nobis* relief. However, here Petitioner's claim is clearly frivolous. Petitioner contends that he only recently discovered "that Petitioner was outside of the magistrates court prior to the start of the en masse hearing on June 4, 2010."[35] Obviously, if Petitioner was outside the courtroom, Petitioner would know he was outside the courtroom. This is not something that he just recently discovered. Furthermore, Petitioner sat through his own trial during which Magistrate Judge Scott Hacker testified, as Petitioner notes, that "I think initially I called the case and [Petitioner] was not in the courtroom."[36] Thus, even if Petitioner was outside the courtroom when the Reyes case was initially called and he did not know it was

---

[33] Dkt. No. 140.
[34] Dkt. No. 142, at 1.
[35] *Id.*
[36] Dkt No. 89, at 40. *See also* Dkt. No. 142, at 3.

being called, he heard during his own trial that he was not in the courtroom when the Reyes case was initially called. Not only is it inconceivable to believe Petitioner did not know he was outside the courtroom, it is also clear that this was specifically mentioned at Petitioner's trial. Furthermore, whether he was initially in the courtroom or outside the courtroom is irrelevant to the misrepresentations made to the Magistrate Court once Petitioner was in the courtroom. Not only is this not newly discovered evidence, it is completely irrelevant to the representations made to the Magistrate Court by Petitioner when he was in the courtroom. It has no bearing on his conviction.[37] Petitioner presents no "sound reasons [] for failure to seek appropriate earlier relief."[38] Thus, the writ is DENIED.

*Fundamental Error*

Furthermore, Petitioner does not identify any fundamental error warranting relief. Petitioner does claim that [t]hroughout the trial the Government had always maintained and represented that Mr. Reyes never actually had a valid timely appeal pending before the Board of Immargation [sic] Appeals. The Government further claimed Mr. Reyes was in fact also convicted and that his removal order was final."[39] Petitioner does not explain what this means to his case but does attach documents related to Reyes' criminal history including an order of deferred adjudication and what may relate to a habeas claim. The court can only speculate that these documents are presented to show that Reyes had an appeal before the Board of Immigration Appeals ("BIA"), that he was not convicted, and that the removal order was not final. Petitioner misrepresents the evidence at trial and appears to twist facts to the Court now.

---

[37] It troubles the Court now that despite Petitioner claiming he accepted responsibility for his actions at the time of sentencing, he now claims he "was targeted and punished for assumptions as a result of the voluminous prosecutions that have forced the court to cut procedural corners with magistrate judges conducting en masse hearings." [Dkt. No 142, at 4].
[38] *Dyer*, 136 F.3d at 422.
[39] Dkt. No. 142, at 1.

First, at the trial, the Government did not contest that Reyes did or did not have an appeal pending before the BIA. It was actually Petitioner who argued that Reyes had an appeal at the BIA.[40] During defense counsel's argument, the Court commented that no evidence had been presented of any BIA appeal; that the evidence presented was that *Petitioner had represented that Reyes had a BIA appeal*.[41] Although Petitioner may not recognize the distinction, one exists. Additionally, for purposes of immigration law, a deferred adjudication is considered a conviction. Again, Reyes' actual appeal, conviction or removal are irrelevant to Petitioner's misrepresentation that he was an attorney competent to represent Reyes in the matter before the Magistrate Court.

Petitioner further twists the facts by attaching to his motion for writ of error *coram nobis*, a verification from Reyes attesting to the facts in *this application*.[42] This verification has no header, or case number, and is simply the first exhibit offered in support of the writ. The Court doubts that Mr. Reyes is attesting to any facts in Petitioner's writ as the verification is dated January 18, 2018 while the writ is dated August 5, 2020.[43] Petitioner attaches other documents from what appear to be Mr. Reyes' proceedings, including an affidavit from attorney Roy Petty ("Petty") and an affidavit from Reyes.[44] There is no indication that these affidavits were prepared for this case and it is unclear to this Court what the purpose of these affidavits are here. However, it does appear to the Court that they are being used without permission from the affiants as the affidavit from Petty is dated January 10, 2018[45] and the affidavit from Reyes is

---

[40] In moving for acquittal counsel stated: "All [Petitioner] did was show up and say this man has a pending appeal, which was true." [Dkt. No. 92, at 52]. On appeal, counsel also contended that Petitioner could not have impeded justice because Reyes' case in federal court was dismissed due to his pending immigration appeal, not because Petitioner claimed to represent Reyes. [Dkt. No. 105, at 15].
[41] Dkt. No. 92, at 53.
[42] Dkt. No. 142-1, Ex. A.
[43] *Compare* Dkt. 142, at 11 *with* Dkt. 142-1, Ex. A.
[44] Dkt. No. 142-1, Ex. A., at 10-19.
[45] *Id*, at 14.

dated October 14, 2017.[46] Again, regardless of the status of Reyes' other legal proceedings, Petitioner was convicted because he represented to a federal Magistrate Court in Laredo, Texas that he was an attorney representing Reyes in the proceedings before that Magistrate Court.

The only other issue that generally cannot be raised in a direct appeal is ineffective assistance of counsel, issue "j" referenced above. The Fifth Circuit has held that ineffective assistance of counsel, if proven, can be grounds for *coram nobis* relief.[47] "To establish ineffective assistance of counsel violating the Sixth Amendment, the [petitioner] must show that his counsel's performance was seriously deficient and that this deficiency prejudiced him."[48] The proper standard for attorney performance is an objective standard of reasonableness under prevailing professional norms.[49] To show prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[50]

Here, Petitioner contends his attorney failed to investigate the law and facts and made no strategic decisions. However, this is precisely the issue that can and should be raised in a 28 U.S.C. § 2255 motion. Petitioner does not explain why he did not do so. Petitioner, however, does not provide any specifics to this claim other than to reference statements made by counsel at the commencement of Petitioner's trial.[51] Presumably these statements are presented to show that counsel thought Petitioner should enter a guilty plea. Petitioner did not do so; thus, Petitioner cannot have been prejudiced by counsel's efforts. Furthermore, Petitioner obviously was aware of counsel's performance throughout the trial as Petitioner sat through his trial. Petitioner's claim

---

[46] *Id*. at 19.
[47] *Esogbue*, 357 F.3d at 534-35; *United States v. Castro*, 26 F.3d 557, 559-60 (5th Cir. 1994).
[48] *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).
[49] *Castro*, 26 F.3d at 559 (quotations and citation omitted).
[50] *Id*. at 559-60 (quotations and citations omitted).
[51] Dkt. No. 142, at 9-10.

that he has only recently discovered counsel's alleged ineffective assistance appears to be at best a desperate attempt to gain relief, but more realistically another scheme to escape responsibility for his fraudulent conduct.

The majority of the other issues raised here, identified as "b" through "i" above could have been but were not raised in his direct appeal. These claims, "b" through "i" will not be addressed further.

Petitioner wholly failed to pursue his right to relief in a timely manner. Thus, Petitioner's petition for writ of error *coram nobis* is DENIED. The hearing on the order to show cause is hereby cancelled. There being no other pending issues in this case, the matter is terminated.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 17th day of March, 2021.

_____
Micaela Alvarez
United States District Judge